**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RICHARD GENE GUY,

    Plaintiff,

v.                                                        No. CIV 08-0706 JH/LFG

ARAMARK CORPORATION,
ROBERT IRISH--DIRECTOR DONA
ANA COUNTY DETENTION CENTER,
CHRIS BARELA,
REGINA MORRISON SHIFT SUPERVISOR,
LIEUTENANT AL BURNS,
CAPTAIN GARCIA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pursuant to an order entered on September 25, 2008, Plaintiff filed an amended complaint. (Doc. 28). The amended complaint supersedes the original, *see Franklin v. Kansas Dep't of Corrections*, 160 F. App'x 730, 733 (10th Cir. 2005), and is referred to hereinafter as the complaint. In the complaint, Plaintiff names a number of Defendants and alleges that he was subjected to an unreasonable search, was injured while working in unsafe and unsanitary conditions, and was denied adequate medical treatment for his injuries and illness. The complaint seeks damages and equitable relief.

No relief is available on Plaintiff's claims against named Defendants Aramark Corporation, Irish, Barela, Garcia, Baker, and Wagner.[1] Plaintiff's factual allegations are that Defendant Burns was responsible for the unreasonable cavity search, and that Defendant Morrison was present at the

---

[1] Defendants Baker and Wagner are identified in text of the complaint, and no factual allegations are made against these two Defendants.

time of the unsafe conditions and did nothing to protect Plaintiff's well-being. The complaint thus contains no allegations against Defendants Aramark Corporation, Irish, Barela, Garcia, Baker, and Wagner affirmatively linking them to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. *See id.* Because Plaintiff has already been allowed to amend his complaint, his claims against Defendants Aramark Corporation, Irish, Barela, Garcia, Baker, and Wagner will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Aramark Corporation, Irish, Barela, Garcia, Baker, and Wagner are DISMISSED; and Defendants Aramark Corporation, Irish, Barela, Garcia, Baker, and Wagner are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of Plaintiff's amended complaint (Doc. 28), for Defendants Burns and Morrison.

UNITED STATES DISTRICT JUDGE