IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD GENE GUY,

        Plaintiff,

vs.                                                 No. CIV 08-706 JH/LFG

LT. LLOYD BURNS, Detention Officer
at Doña Ana County Detention Center,

        Defendant.

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION REGARDING DISMISSAL OF CERTAIN CLAIMS[1]

THIS MATTER comes before the Court on a *pro se, in forma pauperis* civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Richard Gene Guy ("Guy") alleges in his Amended Complaint [Doc. 28] that, while he was incarcerated at the Doña Ana County Detention Facility ("DACDF") in Las Cruces, New Mexico, he was subjected to violations of his constitutional rights including an unjustified and unnecessarily intrusive body cavity search, unsafe working conditions in the detention center kitchen which resulted in accidents involving slip and fall and an injury to his forehead, inadequate medical care, and retaliation for complaining of these incidents. He seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

Guy initially filed a Complaint [Doc. 1] on July 30, 2008, alleging various violations of his

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

constitutional rights. On August 11, 2008, he filed an amendment to this Complaint [Doc. 4]. In the Complaint and amendment, he named several Defendants and attempted to name as Plaintiffs five other inmates at DACDF, in addition to himself. Guy's request to proceed *in forma paueris* was granted by the Court on August 28, 2008 [Doc. 10].

On September 25, 2008, United States District Judge Judith C. Herrera entered an Order [Doc. 25] dismissing without prejudice the claims of the additional Plaintiffs and directing Guy to file an Amended Complaint, clearly setting out the claims he wished to assert on behalf of himself alone. Guy complied, filing his Amended Complaint [Doc. 28] on October 21, 2008. He is the sole Plaintiff named in the Amended Complaint; he again brings various claims against a number of Defendants.

On February 5, 2009, Judge Herrera entered a Memorandum Opinion and Order [Doc. 31] finding that no relief is available on Plaintiff's claims against Defendants Aramark Corporation, Irish, Barela, Garcia, Baker and Wagner, and the claims against those Defendants were dismissed. Thus, all Defendants other than Burns and Regina Morrison ("Morrison"), were dismissed as parties to the action, the Court noting that Guy made factual allegations that Burns was responsible for the unreasonable cavity search, and that Morrison was present at the time of the allegedly unsafe conditions and did nothing to protect Guy's well-being.

In her February 5 Order, Judge Herrera directed the Clerk to issue notice and waiver of service forms, with copies of the Amended Complaint, for Defendants Burns and Morrison. Defendant Burns returned the waiver of service form on April 23, 2009 and filed his Answer [Doc. 38] on May 13, 2009. On May 19, 2009, Guy was ordered to cure defects in service on Morrison by providing the Court with the correct current address for her so that she might be served. [Doc. 39]. Guy did not respond to the cure-defects Order and on June 22, 2009, Defendant Morrison was

dismissed from the action without prejudice [Doc. 40]. Thus, Guy's case proceeds with Defendant Burns as the only remaining Defendant.

Guy alleges that Defendant Burns subjected him to an unnecessary and intrusive unclothed bodily cavity search in which Guy was told to spread his buttocks for visual inspection. Guy alleges that this search was done by Burns as a means of punishment and that it constituted an unnecessary invasion of his privacy. He alleges further that Burns threatened to retaliate against him when he complained about the procedure, and that he was "put on medical leave and removed from the kitchen as retaliation." [Doc. 28, at 4].

As noted above, Guy also raises allegations concerning unsafe working conditions in the kitchen and failure to provide adequate medical care. He does not allege that Defendant Burns was personally involved in these asserted violations of his constitutional rights. To succeed on a complaint under Section 1983, a plaintiff must allege some personal involvement by Defendant in the constitutional violation. *See* Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1993). A civil rights action against a public official may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Because Guy does not allege any personal involvement by the sole remaining Defendant in connection with the claims of unsafe working conditions in the kichen, and failure to provide adequate medical care, those claims must be dismissed. Guy has had several opportunities to amend his complaint, and he was given an opportunity to cure defects in service of process on Defendant Morrison but failed to do so; thus, dismissal of the claims of unsafe working conditions and

inadequate medical care is appropriate at this point. The claims against Burns relating to the alleged intrusive body search and retaliation should be permitted to proceed.

### **Recommended Disposition**

That Plaintiff's claims of failure to provide safe working conditions in the kitchen and failure to provide adequate medical care be dismissed, and that the case proceed against Defendant Burns solely on Plaintiff's claims relating to intrusive body search and retaliation.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge