IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD GENE GUY,

        Plaintiff,

  vs.                                    No. CIV 08-706 JH/LFG

LT. LLOYD BURNS, Detention Officer
at Doña Ana County Detention Center,

        Defendant.

## ORDER DIRECTING SUBMISSION OF MARTINEZ REPORT

THIS MATTER comes before the Court on a *pro se, in forma pauperis* civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Richard Gene Guy ("Guy") alleges in his Amended Complaint [Doc. 28] that, while he was incarcerated at the Doña Ana County Detention Center ("DACDC") in Las Cruces, New Mexico, he was subjected to violations of his constitutional rights including an unjustified and unnecessarily intrusive body cavity search, unsafe working conditions in the detention center kitchen which resulted in accidents involving slip and fall and an injury to his forehead, inadequate medical care, and retaliation for complaining of these incidents. He seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

Guy initially filed a Complaint [Doc. 1] on July 30, 2008, alleging certain violations of his constitutional rights. On August 11, 2008, he filed an amendment to this Complaint [Doc. 4]. In the Complaint and amendment, he named several Defendants and attempted to name as Plaintiffs, or represent the interests of, five named inmates at DACDC in addition to himself. Guy's request

to proceed *in forma pauperis* was granted by the Court on August 28, 2008 [Doc. 10].

On September 25, 2008, United States District Judge Judith C. Herrera entered an Order [Doc. 25], dismissing without prejudice the claims of the additional Plaintiffs and directing Guy to file an Amended Complaint, clearly setting out the claims he wished to assert on behalf of himself alone. Guy complied, filing his Amended Complaint [Doc. 28] on October 21, 2008. He was the sole Plaintiff named in the Amended Complaint; he again brought claims against a number of Defendants.

On February 5, 2009, Judge Herrera entered a Memorandum Opinion and Order [Doc. 31], finding that no relief is available on Plaintiff's claims against Defendants Aramark Corporation, Irish, Barela, Garcia, Baker and Wagner, and the claims against those Defendants were dismissed. All Defendants, other than Defendants Lloyd Burns ("Burns") (erroneously referred to as "Lt. Al Burns")[1] and Regina Morrison ("Morrison"), were dismissed as parties to the action, the Court noting that Guy made factual allegations that Burns was responsible for the unreasonable cavity search, and that Morrison was present at the time of the allegedly unsafe conditions and did nothing to protect Guy's well-being.

In her February 5 Order, Judge Herrera directed the Clerk to issue notice and waiver of service forms, with copies of the Amended Complaint, for Defendants Burns and Morrison. Defendant Burns returned the waiver of service form on April 23, 2009 and filed his Answer [Doc. 38] on May 13, 2009. On May 19, 2009, Guy was ordered to cure defects in service on Morrison

---

[1] In his original complaint, Guy identified this Defendant as "Lt. Al Burns." The Waiver and Service of Summons served on "Lieutenant Al Burns" was signed by "Lt. Lloyd Burns, DACDC, Las Cruces NM," with the explanation that his name and title are Lieutenant Lloyd Burns, not Lieutenant Al Burns [Doc. 34]. Lloyd Burns thereafter filed an Answer [Doc. 38] to the Complaint. **The Court directs that all further pleadings be filed with an appropriate caption reflecting that Lt. Lloyd Burns is the sole remaining Defendant in this case.**

by providing the Court with the correct current address for her so that she might be served. [Doc. 39]. Guy did not respond to this Order, and on June 22, 2009, Judge Herrera dismissed Defendant Morrison from the action, without prejudice.

On June 29, 2009, the undersigned Magistrate Judge filed an Analysis and Recommended Disposition, recommending that all of Guy's claims relating to unsafe working conditions and failure to provide adequate medical care be dismissed. The trial judge adopted this recommendation on July 29, 2009 and dismissed all claims other than those against Defendant Burns relating to the alleged intrusive body search and retaliation. [Doc. 42].

I reviewed the Amended Complaint and the Answer filed by Defendant Burns. In doing so, I construed the *pro se* pleading liberally, holding Plaintiff to a less stringent standard than that required of a party represented by counsel. *See, e.g.*, Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir. 1989).

In a case brought by a prisoner proceeding *pro se,* the Court may order Defendant to investigate the incidents which form the basis for Plaintiff's lawsuit and to submit a special report pursuant to Martinez v. Aaron, 570 F.2d 317, 320 (10th Cir. 1978). The Tenth Circuit has authorized the Court to require a Martinez report to develop the factual or legal basis for determining whether an inmate has a meritorious claim. *See, e.g.*, Gee v. Estes, 829 F.2d 1005, 1007 (10th Cir. 1987). The report may be used in a variety of procedural situations, including a motion for summary judgment. If a Martinez report is used for summary judgment purposes, however, Plaintiff must be given an opportunity to present conflicting evidence to controvert the facts set out in the report.

Guy alleges that, on July 15, 2008, he was subjected to an unclothed cavity search at DACDC which constituted an unnecessary invasion of privacy. He states that he agreed to an

3

unclothed body search, but not to a search which required him to spread his buttocks so an officer could look inside his body cavity for contraband. He asserts this search was done by Burns "without any reason or suspicion of contraband," but solely as a form of punishment. Guy further states that after he questioned the propriety of the procedure, Burns "became very angry and threatened all the inmate trustees with losing their jobs and moving back into population," and when Guy filed a lawsuit, he says he was "put on medical leave and removed from the kitchen as retaliation."

To assist the Court in evaluating Guy's claims, Defendant Burns is directed to prepare a report addressing the following matters:

1. State whether you conducted a search of Guy on or about July 15, 2008.

2. Describe in narrative form the events occurring on or about July 15, 2008 in which Guy was subjected to a body cavity search, including the reason for the search and the manner in which the search was conducted.

3. Explain why it was necessary to do a cavity search, rather than simply a clothed or unclothed body search.

4. Attach copies of any written policies at DACDC dealing with unclothed searches and body cavity searches.

5. State whether the search that is the subject of Guy's complaint was conducted in compliance with DACDC policy. Explain how and why the search in question was, or was not, in compliance with the policies

6. Guy claims that he was put on medical leave and removed from his kitchen job in retaliation for his complaints about the body search and for filing a lawsuit. Explain your role, if any, in having Guy put on medical leave and having him removed from his kitchen job. State the reasons why Guy was subjected to these changes in his status. Respond to the allegation that your

4

role in these events, if any, was prompted by a motive to retaliate.

      7. Give the dates of all grievances filed by Guy relating to the body search, to retaliation in connection with his complaints about the body search, or to his removal from his kitchen job, and state how each such grievance was resolved. Attach copies of these grievances, including documentation of any appeals.

Defendant's Martinez report must address each point set out above. Documents in support of the report may be submitted simultaneously with the report, but the submission of documents alone, or documents submitted with an index but without an accompanying report, will not be in compliance with this order. Defendants may submit affidavits in support of the report, if necessary.

The report shall be filed and served on or before September 30, 2009. Plaintiff will have thirty days from the date of service to respond. **The parties are hereby given notice that the report may be used in deciding whether to grant summary judgment of Guy's claims, and the parties should submit whatever materials they consider relevant to the claims.** *See*, Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

      IT IS SO ORDERED.

                                *Lorenzo F. Garcia*
                                Lorenzo F. Garcia
                                Chief United States Magistrate Judge